**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

ALDO MARTINEZ
    Plaintiff,

vs.

ALLIANCE SPINE & JOINT I., INC.,
a Florida corporation, SAGI SHAKED,
and MICHAEL FRIEDEBERG,
individually,

    Defendants.
_____/

# FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, ALDO MARTINEZ by and through his undersigned attorney, hereby sues Defendants, ALLIANCE SPINE & JOINT I., INC., a Florida corporation, SAGI SHAKED, and MICHAEL FRIEDEBERG, individually (collectively referred to as the Employer, except when referred to individually), and alleges:

## JURISDICTIONAL ALLEGATIONS AND VENUE

1. This is an action to recover money damages for unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. " 201-219 (§ 216 for jurisdictional placement) ("the FLSA"), Title 28 U.S.C. § 1337. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendant, ALLIANCE SPINE & JOINT I., INC., is a Florida corporation, having its main place of business in Broward County, Florida. The individual Defendants are residents of Broward County, Florida.

4. This action is brought by Plaintiff to recover from the Employer unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. ' 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

5. FLSA coverage is triggered because the corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other States, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over State lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and two or more employees handled goods or materials that moved in the stream of commerce on a frequent and recurrent basis, and/or Plaintiff by virtue of working in interstate commerce, otherwise satisfies

the FLSA's requirements. Two or more of Defendant's employees handled goods that moved in commerce, on a frequent and recurring basis.

6. Plaintiff, as well other employees regularly utilized and handled equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in his work.

7. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## PLAINTIFF'S EMPLOYMENT

8. Defendant is a surgical and MRI center; they perform orthopedic surgeries. Plaintiff was employed by the Defendant Corporation as a driver. His duties included driving and delivering check, and other items for the company, and also serving as the chauffeur for the two individual Defendants, as well as associates or anyone Plaintiff was instructed to drive for. Plaintiff worked for Defendants from approximately October 25, 2021, until approximately September 9, 2022.  He was paid a bi-weekly salary of $1,400.00 or $700.00 per week. He worked anywhere from five to seven days a week. He worked in excess of forty (40) hours per week, however, Defendants failed to pay him overtime wages for the hours worked in excess of forty per week.

9. The individual Defendants, SHAKED and FRIDERBERG are FLSA employers as defined in 29 U.S.C. § 203(d), as they had operational control over the Defendant, were directly involved in decisions affecting employee compensation, had the right and ability to compensate employees, they supervised and controlled employees and hours worked by employees, such as Plaintiff. The individual employer also controlled the purse strings for the Defendant corporation.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES, FLSA, ALL DEFENDANTS

10. Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

11. Plaintiff was employed by Defendants as a driver. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by the Employers to properly pay him at the rate of time-and-a-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

12. Defendants knew of and showed reckless disregard by failing to pay the overtime pay required by the FLSA. Defendants ignored the FLSA's time keeping requirements and failed to keep a time record for the hours worked by Plaintiff. Ignorance of the law is not an excuse. Defendants knew or should have known of the work performed by the Plaintiff and of their obligation to timely pay Plaintiff's overtime wage yet, they required Plaintiff to work early in the morning and in the evenings, with knowledge they were not paying overtime wages to Plaintiff. Defendants have been in business for a substantial period and failed to pay the overtime which they knew or should have known had to be paid. Defendants did nothing to investigate the FLSA's mandate for payment of overtime wages.

13. The Employers remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to an equal amount as liquidated damages.

14. Plaintiff has complied with all conditions precedent to bringing this action, or all conditions have been otherwise waived.

15. Plaintiff has retained the law office of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant ALLIANCE SPINE & JOINT I., INC., jointly and severally with the individual Defendants, SAGI SHAKED, MICHAEL FRIEDEBERG, pursuant to the FLSA, to be proven at the time of trial, and liquidated damages due to Plaintiff, which remain outstanding. If Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, liquidated damages, and attorney's fees, and all other relief which this Court deems reasonable under the circumstances. Plaintiff demands trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 9-23-22

THE LAW OFFICES OF
EDDY O. MARBAN
2655 S. LeJeune Road, Suite 804
Coral Gables, Florida 33134
Telephone (305) 448-9292
E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
   EDDY O. MARBAN, ESQ.
   Fl. Bar No. 435960